JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
STAN M. GIBSON (Bar No. 162329)
*sgibson@jmbm.com*
JESSICA BROMALL SPARKMAN (Bar No. 235017)
*jbromall@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:   (310) 203-0567

JEFFER MANGELS BUTLER & MITCHELL LLP
GREGORY S. CORDREY (Bar No. 190144)
*gcordrey@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:   (949) 623-7200
Facsimile:   (949) 623-7202

Attorneys for Plaintiff Therabody, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>HOMEDICS USA, LLC; FKA DISTRIBUTING CO., LLC d/b/a HOMEDICS LLC,; and DOES 1 through 10, inclusive,<br><br>                Defendants. | Case No. 2:21-cv-09882<br><br>**COMPLAINT FOR:**<br><br>**1.) FEDERAL FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a);**<br><br>**2.) FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(a)**<br><br>**3.) COMMON LAW TRADE DRESS INFRINGEMENT;**<br><br>**4.) INFRINGEMENT OF U.S. PATENT NOS. 10,702,448, 10,857,064, 10,918,565, 11,160,722, D921,914, D880,714, D880,715, D885,601, D887,573, D880,716, D896,396, D879,985, D879,986, D884,915; D849,260; AND**<br><br>**5.) UNFAIR BUSINESS PRACTICES, CAL. BUS. & PROF. CODE § 17200 *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Therabody, Inc. ("Therabody") files this complaint against defendants Homedics USA, LLC ("Homedics") and FKA Distributing Co., LLC d/b/a HoMedics ("FKA") and Does 1-10, inclusive (collectively "Defendants").

## THE PARTIES

1.      Therabody is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 6100 Wilshire Blvd., Ste. 200, Los Angeles, CA 90048.

2.      Therabody is informed and believes and, based thereon, alleges that Homedics USA, LLC is a limited liability company organized under the laws of Michigan with regular and established places of business in California located at 12215 Holly St. N., Riverside, California 92509, and in El Segundo, California.

3.      Therabody is informed and belies and, based thereon, alleges, that FKA Distributing Co., LLC d/b/a/ HoMedics is a limited liability company organized under the laws of Michigan, with regular and established places of business in California located at 12215 Holly St. N., Riverside, California 92509, and in El Segundo, California.

4.      Therabody is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Therabody will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations.

5.      Therabody is informed and believes and thereon alleges that Defendants are manufacturing, using, selling, or offering for sale within the United States, or importing into the United States the infringing percussive massage devices described below.

6.      Therabody is informed and believes and thereon alleges that each of the Defendants conspired and acted in concert with one or more other Defendants to commit the wrongs against Therabody alleged herein, and in doing so were at all

1  relevant times the agents, servants, employees, principals, joint venturers, alter egos,

2  and/or partners of each other. Therabody is further informed and believes and on that

3  basis alleges that, in doing the things alleged in this Complaint, each of the Defendants

4  was acting within the scope of authority conferred upon that Defendant by the

5  consent, approval, and/or ratification of one or more of the other Defendants.

6  ## JURISDICTION AND VENUE

7  7.      This is an action for (a) trademark and trade dress infringement under

8  Section 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125; (b) trademark and trade dress

9  infringement under the laws of the state of California; (c) patent infringement under

10  the patent laws of the United States, 35 U.S.C. § 271; and (d) unfair competition

11  pursuant to California Business and Professions Code Section 17200, *et seq*.

12  8.      This Court has subject matter jurisdiction over the trade dress and patent

13  claims in this action pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1121. This Court

14  has supplemental jurisdiction over the remaining state law claims under 28 U.S.C.

15  §1367 because the claims are so related to Therabody's claims under federal law that

16  they derive from a common nucleus of operative fact and form part of the same case

17  or controversy.

18  9.      This Court has personal jurisdiction over Defendants and venue is proper

19  in this District pursuant to 28 U.S.C. § 1400(b). Therabody is informed and believes

20  and, based thereon, alleges that, all Defendants have offices in this judicial district

21  and have committed acts of infringement, including the making, using, selling,

22  offering to sell, and importing into the United States their infringing products in or to

23  this District and/or to businesses and individuals in this District.  Therabody is further

24  informed and believes and, based thereon, alleges that Defendants derive substantial

25  revenue from the distribution, promotion, marketing, manufacture, use, sale, offer for

26  sale, or import of infringing products in or to this District.

27

28

# GENERAL ALLEGATIONS

10.     Therabody is in the business of developing, manufacturing, and selling high-quality, innovative percussive therapy devices and attachments therefor. Therabody invests considerable time, effort and money in developing and protecting its intellectual property, including patenting its innovative products.

11.     Therabody is in the business of developing, manufacturing and selling high-quality, innovative percussive therapy devices. Therabody invests considerable time, effort, and money in developing and protecting its intellectual property, including the trade dress of its products.

12.     Since at least as early as May 31, 2015, Therabody has used a distinctive blue color in presenting its trademarks, in its marketing and advertising, and on its percussive massage devices.

13.     As a result of the use of its distinctive blue color, Therabody has developed trade dress rights in the blue color, the use of which is pervasive on Therabody's website, advertising, and as applied to its percussive massage devices and packaging as specifically described below (the "Blue Trade Dress").

14.     Therabody's distinctive blue color used to depict textual elements on black product packaging, as shown, for example, in the images below:

  

15.     Therabody has applied its distinctive blue color to substantially all of the handle portion of its percussive massage devices, as shown in the image below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JMBM | Jeffer Mangels Butler & Mitchell LLP



16.    Therabody has also applied its distinctive blue color to the entirety of the inner side of the handle portion of its percussive massage devices, as shown below:



17.    Therabody has applied its distinctive color blue as an accent color on its percussive massage devices, as shown in the images below, namely, in a band encircling the arm to which the massage head attachments are attached and to the circle above said arm.



18.    The Blue Trade Dress comprises the application of Therabody's distinctive color of blue to various parts of its products or packaging, as shown in the images in paragraphs 14-17, above. The Blue Trade Dress is not functional: it does not provide a utilitarian advantage, a plethora of alternatives colors are available for

use, and its use is not the result of a simple or inexpensive method of manufacture. Therabody selected and uses the color blue for the purpose of identifying its products and distinguishing them from the products of third parties.

19. The Blue Trade Dress is either inherently distinctive, or, through Therabody's continuous use and promotion, has acquired distinctiveness, and the Blue Trade Dress is uniquely associated with Therabody and its percussive massage devices. Therabody has used its unique color blue continuously since it launched its first percussive massage device. The blue accents, described above, are applied to numerous Therabody products, and Therabody's use of the color blue is consistent and pervasive.

20. Therabody has sold millions of dollars of products bearing its distinctive color blue. It has spent millions of dollars to promote its products bearing its distinctive color blue. Therabody products bearing the Blue Trade Dress and/or Therabody's distinctive blue color are used by numerous celebrities and professional athletes, have been the subject of extensive press and advertising, and have been used on the field during a Super Bowl and on the court during the NBA Finals. As a result of Therabody's extensive advertising and promotion and the widespread, and high profile, use of Therabody's Blue Trade Dress, including as described above, Therabody's Trade Dress is associated by the public exclusively with Therabody and its products and is used by the public as an indicator of the origin and quality of Therabody's percussive massage devices.

21. Additionally, Defendants' have copied Therabody's Blue Trade Dress, as have third parties. Such copying is further evidence that Therabody's Blue Trade Dress has secondary meaning.

22. Since at least as early as January 2019, Therabody has used a distinctive triangle product design trade dress, examples of which are shown below (the "Triangle Trade Dress").



23.     The Triangle Trade Dress, shown in the above images, features: (1) a percussive massage device generally in the shape of a triangle; (2) a circular design or "head" at one corner of the triangle; and (3) an arm to which massage head attachments are attached extending from the circular head.

24.     Therabody introduced the Triangle Trade Dress with its third-generation percussive massage devices, which were introduced at least as early as January 2019. Therabody's line of third-generation percussive massage devices included devices available at three price points. All three of Therabody's third-generation percussive massage devices featured the Triangle Trade Dress.

25.     Therabody has developed trade dress rights in the Triangle Trade Dress. The Triangle Trade Dress is not functional: it does not provide a utilitarian advantage, a plethora of alternative product shapes and designs are available for use, and their use is not the result of a simple or inexpensive method of manufacture. Therabody selected the elements of the Triangle Trade Dress for the purpose of identifying its products and distinguishing them from the products of third parties.

26.     The Triangle Trade Dress is either inherently distinctive or, through Therabody's continuous use and promotion, has acquired distinctiveness, and the Triangle Trade Dress is uniquely associated with Therabody and its percussive

Jeffer Mangels
Butler & Mitchell LLP

JMBM

1   massage device. Therabody has used the Triangle Trade Dress since it introduced its

2   third-generation percussive massage devices at least as early as January 2019.

3        27.    Therabody has sold millions of dollars of products bearing its distinctive

4   Triangle Trade Dress.  It has spent millions of dollars to promote its products bearing

5   its Triangle Trade Dress. Therabody products bearing the Triangle Trade Dress are

6   used by numerous celebrities and professional athletes and have been the subject of

7   extensive press and advertising. As a result of Therabody's extensive advertising and

8   promotion and the widespread, and high profile, use of Therabody's Triangle Trade

9   Dress are associated by the public exclusively with Therabody and its products and

10   are used by the public as indicators of the origin and quality of Therabody's percussive

11   massage device.

12        28.    Additionally, Defendants' have copied Therabody's Triangle Trade

13   Dress as have numerous third parties. Such copying is further evidence that

14   Therabody's Triangle Trade Dress has secondary meaning.

15        29.    Therabody is a pioneer in the percussive massage therapy device market

16   and, by delivering premier-quality products using its Triangle Trade Dress.

17   Therabody has established a reputation for providing outstanding massage therapy

18   products and customer service associated with that trade dress and those trademarks.

19   Consumers have come to recognize that trade dress and those trademarks as indicators

20   of excellence and as uniquely identifying Therabody as the source of the products and

21   services associated in connection with which they are used.

22                                Therabody's Patents

23        30.    Therabody is the owner of United States Patent Number 10,702,448,

24   entitled "Percussive massage device and method of use" (hereinafter the "'448

25   Patent"), issued on July 7, 2020, a true and correct copy of which is attached hereto

26   as Exhibit A. The '448 Patent pertains to a vibrating massage device or percussive

27   massage device that provides reciprocating motion. The '448 Patent is presumed to be

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    valid and is *prima facie* proof that the inventions claimed in the '448 Patent are novel

2    and non-obvious.

3        31.    Therabody is the owner of United States Patent Number 10,918,565,

4    entitled "Percussive massage device and method of use" (hereinafter the "'565

5    Patent"), issued on February 16, 2021, a true and correct copy of which is attached

6    hereto as Exhibit B. The '565 Patent pertains to a vibrating massage device or

7    percussive massage device that provides reciprocating motion. The '565 Patent is

8    presumed to be valid and is *prima facie* proof that the inventions claimed in the '565

9    Patent are novel and non-obvious.

10       32.    Therabody is the owner of United States Patent Number 10,857,064,

11   entitled "Percussive Therapy Device" (hereinafter the "'064 Patent"), issued on

12   December 8, 2020, a true and correct copy of which is attached hereto as Exhibit C.

13   The '064 Patent pertains to a percussive massage device and method of using a

14   percussive massage device. The '064 Patent is presumed to be valid and is *prima facie*

15   proof that the inventions claimed in the '064 Patent are novel and non-obvious.

16       33.    Therabody is the owner of United States Patent Number 11,160,722,

17   entitled "Percussive Massage Device and Method of Use" (hereinafter the "'722

18   Patent"), issued on November 2, 2021, a true and correct copy of which is attached

19   hereto as Exhibit D. The '722 Patent pertains to a percussive massage device and

20   method of using a percussive massage device. The '722 Patent is presumed to be valid

21   and is *prima facie* proof that the inventions claimed in the '722 Patent are novel and

22   non-obvious.

23       34.    On June 8, 2021, the United States Patent and Trademark Office issued

24   United States Patent Number D921,914 , entitled "Percussive Massage Device"

25   (hereinafter the " 'D914 Patent"). A true and correct copy of the 'D914 Patent is

26   attached hereto as Exhibit E.

27

28

35.     Therabody is the owner of the 'D914 Patent. The 'D914 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D914 Patent is novel and non-obvious.

36.     The 'D914 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

37.     On April 7, 2020, the United States Patent and Trademark Office issued United States Patent Number D880,714, entitled "Percussive Massage Device" (hereinafter the " 'D714 Patent"). A true and correct copy of the 'D714 Patent is attached hereto as Exhibit F.

38.     Therabody is the owner of the 'D714 Patent. The 'D714 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D714 Patent is novel and non-obvious.

39.     The 'D714 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

40.     On April 7, 2020, the United States Patent and Trademark Office issued United States Patent Number D880,715, entitled "Percussive Massage Device" (hereinafter the " 'D715 Patent"). A true and correct copy of the 'D715 Patent is attached hereto as Exhibit G.

41.     Therabody is the owner of the 'D715 Patent. The 'D715 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D715 Patent is novel and non-obvious.

42.     The 'D715 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

43.     On May 26, 2020, the United States Patent and Trademark Office issued United States Patent Number D885,601, entitled "Percussive Massage Device" (hereinafter the " 'D601 Patent"). A true and correct copy of the 'D601 Patent is attached hereto as Exhibit H.

44.     Therabody is the owner of the 'D601 Patent. The 'D601 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D601 Patent is novel and non-obvious.

45.     The 'D601 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

46.     On June 16, 2020, the United States Patent and Trademark Office issued United States Patent Number D887,573, entitled "Percussive Massage Device" (hereinafter the " 'D573 Patent"). A true and correct copy of the 'D573 Patent is attached hereto as Exhibit I.

47.     Therabody is the owner of the 'D573 Patent. The 'D573 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D573 Patent is novel and non-obvious.

48.     The 'D573 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

49.     On April 7, 2020, the United States Patent and Trademark Office issued United States Patent Number D880,716, entitled "Percussive Massage Device" (hereinafter the " 'D716 Patent"). A true and correct copy of the 'D716 Patent is attached hereto as Exhibit J.

50.     Therabody is the owner of the 'D716 Patent. The 'D716 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D716 Patent is novel and non-obvious.

51.     The 'D716 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

52.     On September 15, 2020, the United States Patent and Trademark Office issued United States Patent Number D896,396, entitled "Percussive Massage Device" (hereinafter the " 'D396 Patent"). A true and correct copy of the 'D396 Patent is attached hereto as Exhibit K.

53.     Therabody is the owner of the 'D396 Patent. The 'D396 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D396 Patent is novel and non-obvious.

54.     The 'D396 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

55.     On March 31, 2020, the United States Patent and Trademark Office issued United States Patent Number D879,985, entitled "Percussive Massage Device" (hereinafter the " 'D985 Patent"). A true and correct copy of the 'D985 Patent is attached hereto as Exhibit L.

56.     Therabody is the owner of the 'D985 Patent. The 'D985 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D985 Patent is novel and non-obvious.

57.     The 'D985 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

58.     On March 31, 2020, the United States Patent and Trademark Office issued United States Patent Number D879,986, entitled "Percussive Massage Device" (hereinafter the " 'D986 Patent"). A true and correct copy of the 'D986 Patent is attached hereto as Exhibit M.

59.     Therabody is the owner of the 'D986 Patent. The 'D986 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D986 Patent is novel and non-obvious.

60.     The 'D986 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

61.     On May 19, 2020, the United States Patent and Trademark Office issued United States Patent Number D884,915, entitled "Percussive Massage Device" (hereinafter the " 'D915 Patent"). A true and correct copy of the 'D915 Patent is attached hereto as Exhibit N.

62.     Therabody is the owner of the 'D915 Patent. The 'D915 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D915 Patent is novel and non-obvious.

63.     The 'D915 Patent pertains to a particular ornamental design for a therapeutic percussive massage device.

64.     On May 21, 2019, the United States Patent and Trademark Office issued United States Patent Number D849,260, entitled "Massage Element" (hereinafter the " 'D260 Patent"). A true and correct copy of the 'D260 Patent is attached hereto as Exhibit O.

65.     Therabody is the owner of the 'D260 Patent. The 'D260 Patent is presumed to be valid and is *prima facie* proof that the design shown in the 'D260 Patent is novel and non-obvious.

66.     The 'D260 Patent pertains to a particular ornamental design for a particular ornamental design for an attachment for percussive massage devices. Collectively, the '448, '565, '064, '722, 'D914, 'D714, 'D715, 'D601, 'D573, 'D716, 'D396, 'D985, 'D986, 'D915, and 'D260 Patents are "Asserted Patents."

67.     Therabody's patented and patent-pending devices are innovative and have received industry praise and recognition, including the 2019 A' Design Award in Digital and Electronic Devices Design for its Therabody G3PRO design.

68.     Therabody is informed and believes and based thereon alleges that Defendants began competing with Therabody in the percussive massage device industry by manufacturing and selling percussive massage devices infringing the Asserted Patents.  Specifically, Defendants are marketing, promoting, advertising, using, selling, offering to sell, and/or importing the infringing device, the "**Therapist Select DuoTemp Pro Percussion Massager**," shown below (the "Infringing Product") and attachment circled in red ("Infringing Attachment").



69.     The Infringing Product and Infringing Attachment are integral to Defendants' product offering as shown from the Defendants' website at www.HOMEDICS.COM.    From this, it is apparent that Defendants have been actively advertising the Infringing Product, touting the products throughout a variety of markets and to numerous audiences, including on Amazon.[1]    Therabody is informed and believes that Defendants sell their Infringing Product in the same marketing channels as Therabody, including online through their respective websites and through social media advertising.

70.     On December 15, 2021,  Therabody notified Defendants Homedics and FKA by letter that the Infringing Product was infringing Therabody's Trade Dress and '448, '064, '722 and 'D260 patents and demanded that Defendants immediately cease and permanently discontinue all manufacture, offer for sale, sale, use and importation of the Infringing Product.

---

[1] *See* https://www.amazon.com/Percussion-Interchangeable-Attachments-Technology-High-Intensity/dp/B09L9BGHC9/ref=sr_1_11?crid=184MTE7Y61TXM&keywords=homedics+percussion+massager&qid=1639723441&sprefix=homedics+per%2Caps%2C159&sr=8-11

71.     Notwithstanding Therabody's demand and in conscious disregard of Therabody's intellectual property rights as set forth herein, Defendants have continued to offer for sale and sell the Infringing Product.

## FIRST CAUSE OF ACTION

### False Designation of Origin, 15 U.S.C. § 1125(a)

(Against All Defendants)

72.     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.  Therabody uses its Blue Trade Dress and Triangle Trade Dress (referred to herein collectively as the "Trade Dress") in commerce on and in connection with its percussive massage devices, accessories therefor, and the advertising and promotion of the same.  Therabody's Trade Dress, described above, is comprised of distinctive features which are protected under Lanham Act § 43(a). Therabody's Trade Dress is either inherently distinctive or, as a result of its use, has acquired secondary meaning whereby the relevant consuming public and the trade associate these features with a single source.

73.     Defendants have used in commerce trade dress that is confusingly similar to Therabody's unique and protectable Trade Dress (hereinafter the "Infringing Trade Dress"), on and in connection with their sale of percussive massage devices and accessories therefor, including the use of (1) a percussive massage device generally in the shape of a triangle, (2) a circular design or "head" at one corner of the triangle, and (3) an arm to which massage head attachments are attached extending from the circular head, as well as the use of blue as an accent color on the Infringing Product.

74.     Defendants' conduct alleged herein constitutes a false designation of origin and/or a false or misleading description and/or representation of fact, which is likely to deceive or to cause confusion or reverse confusion or mistake among consumers as to the origin, sponsorship, or approval of the Defendants' goods and

services and/or deceive or to cause confusion or mistake among consumers as to the affiliation, connection, or association between Defendants and Therabody.

75. Defendants' conduct described herein was knowing, willful, intentional, deliberate, and in total disregard of Therabody's rights. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

76. As a direct and proximate cause of Defendants' unlawful, intentional, and willful conduct, Therabody has been and will continue to be irreparably harmed unless Defendants are permanently enjoined from such unlawful conduct. Therabody has no adequate remedy at law. Unless enjoined, Defendants will continue to mislead and confuse consumers as to the origin, sponsorship, or approval of Defendants' goods and services and/or deceive or cause confusion or mistake among consumers as to the affiliation, connection, or association between Defendants and Therabody.

77. Therabody lacks an adequate remedy at law.  In light of the foregoing, Therabody is entitled to a  permanent injunction prohibiting Defendants from using the Infringing Trade Dress, and any marks or trade dress confusingly similar to the Trade Dress, and to recover from Defendants all damages that Therabody has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount  not  yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

78. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials bearing the Infringing Trade Dress, or any other trade dress confusingly similar to Therabody's Trade Dress.

## **SECOND CAUSE OF ACTION**

### **Federal Unfair Competition, 15 U.S.C. § 1125(a)**

(Against All Defendants)

79. Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

80.    Defendants have deliberately and willfully attempted to capitalize on Therabody's goodwill and reputation established in connection with the Therabody Trade Dress by misleading, confusing, or deceiving consumers as to source, source, origin, affiliation, approval, sponsorship, and/or association, including by copying and using each element of the Trade Dress.

81.    Defendants have engaged in, and continue to engage in, their unlawful, intentional, and willful conduct without Therabody's permission or consent.

82.    As a direct and proximate cause of Defendants' unlawful, intentional, and willful conduct, Therabody has been and will continue to be irreparably harmed unless Defendants are permanently enjoined from such unlawful conduct. Therabody has no adequate remedy at law. Unless enjoined, Defendants will continue their unlawful, intentional, and willful conduct.

83.    In light of the foregoing, Therabody is entitled to a permanent injunction prohibiting Defendants from using the Infringing Trade Dress, and any marks or trade dress confusingly similar to the Trade Dress, and to recover from Defendants all damages that Therabody has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

84.    Pursuant to 15 U.S.C. § 1118, Therabody is entitled to, and hereby seeks, an order for the destruction of all materials bearing the Infringing Trade Dress, or any other trade dress confusingly similar to the Trade Dress.

85.    As this is an exceptional case, given Defendants' willful acts, pursuant to 15 U.S.C. § 1117(a), Therabody is further entitled to three times the amount of the above profits or damages, whichever is greater, and their attorneys' fees.

## THIRD CAUSE OF ACTION

### Common Law Trade Dress Infringement

(Against All Defendants)

86.    Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

87.    Defendants' acts constitute common law trade dress and trademark infringement and unfair competition under state law.

88.    Therabody has been damaged and will continue to be damaged by Defendants' infringing activities.

89.    Therabody has no adequate remedy at law and is entitled to an injunction prohibiting Defendants from continuing the infringing practices described herein, and a recall order directed to the infringing items in the marketplace.

90.    Therabody is also entitled to profits and damages arising from Defendants' wrongful use of Plaintiff's Trade Dress.

91.    Therabody is informed and believes, on that basis alleges, that Defendants' conduct was willful, wanton, malicious, and in conscious disregard of Therabody's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

### Patent Infringement of the '448 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

92.    Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

93.    At all times herein mentioned the '448 Patent was and is valid and fully enforceable.

94.    Defendants are offering percussive massage devices that infringe at least claim 6 of the '448 Patent, including at least the Infringing Product.

95.    Defendants' Infringing Product is a percussive massage device.

As shown below, Defendants' Infringing Product includes a housing, wherein the housing includes first, second and third handle portions that cooperate to define a handle opening.



96. As shown above, Defendants' Infringing Product includes a first handle portion that defines a first axis, a second handle portion defines a second axis and a third handle portion defines a third axis, and wherein the first, second and third axes cooperate to form a triangle.

97. As shown above, the Infringing Product includes that the first handle portion is generally straight, the second handle portion is generally straight, and that the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

98. The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

99. On information and belief, at least since Plaintiff's December 15, 2021 email, Defendants have knowingly and actively induced the infringement of one or more of the '448 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '448 Patent. For example,

JMBM | Jeffer Mangels
Butler & Mitchell LLP

Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '448 Patent.

100.   On information and belief, at least since Plaintiff's December 15, 2021 email, Defendants have contributed to the infringement of the '448 Patent by their customers and users of the Infringing Product by, *inter alia,* making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '448 Patent.  The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '448 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '448 Patent. Defendants continue to engage in acts of contributory infringement of the '448 Patent even after receiving notice of its contributory infringement.

101.   Defendants infringe literally or under the doctrine of equivalents, or both.

102.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the inventions claimed in the '448 Patent.

103.   Therabody has been damaged by Defendants' acts of infringement of the '448 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

104.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail

sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in developing the market for percussive devices and its patented attachments, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

105.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

## FIFTH CAUSE OF ACTION

### Patent Infringement of the '565 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

106.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

107.   At all times herein mentioned the '565 Patent was and is valid and fully enforceable.

JMBM | Jeffer Mangels Butler & Mitchell LLP

108.    Defendants are offering percussive massage devices that infringe at least claim 1 of the '565 Patent, including at least the Infringing Product.

109.    The Infringing Product is a percussive massage device.

110.    As shown below, the Infringing Product includes a housing wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening, wherein the first handle portion defines a first axis, the second handle portion defines a second axis and the third handle portion defines a third axis, wherein the first, second and third axes are co-planar, and wherein the first handle portion is generally straight, wherein the second handle portion is generally straight, and wherein the third handle portion is generally straight, and wherein the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.



111.    The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

112.   Defendants' infringe literally or under the doctrine of equivalents, or both.

113.   On information and belief, at least since Plaintiff's December 15, 2021 email, Defendants have knowingly and actively induced the infringement of one or more of the '565 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '565 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '565 Patent.

114.   On information and belief, at least since Plaintiff's December 15, 2021 email, Defendants have contributed to the infringement of the '565 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '565 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '565 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '565 Patent. Defendants continue to engage in acts of contributory infringement of the '565 Patent even after receiving notice of its contributory infringement.

115.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '565 Patent.

116.   Therabody has been damaged by Defendants' acts of infringement of the '565 Patent and Therabody will continue to be damaged by such infringement unless

1  enjoined by this Court. Therabody is entitled to recover damages adequate to

2  compensate for the infringement under 35 U.S.C. § 284.

3      117.   Therabody is, and has been, irreparably harmed by Defendants' on-going

4  infringement including the following harm which cannot be quantified or recouped

5  through monetary damages: (1) lost market share that will be difficult, if not

6  impossible, to recoup later as the Infringing Product becomes entrenched with retail

7  sellers and trainers who recommend them to their clients, (2) loss of first mover

8  advantage that Therabody enjoyed as the first company to offer its innovative and

9  patented percussive devices, (3) loss of Therabody's investment in developing the

10 market for percussive devices, (4) negative effect on its reputation as innovator and

11 pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion

12 due to Defendants' Infringing Product being sold at a price point lower than

13 Therabody's patented products, (7) diversion of resources to defend against loss of

14 market share caused by sales of the Infringing Product, and (8) Defendants'

15 unauthorized sales that are enticing others to offer for sale and sell infringing

16 attachments that leads to additional irreparable harm described above.

17     118.  Defendants received notice of their infringement in Therabody's

18 December 15, 2021 email, which notified Defendants of Therabody's extensive patent

19 portfolio relating to percussive massage devices and attachments, directed them to

20 Therabody's websites where Therabody identifies patents covering its percussive

21 massage products, and identified Defendants' infringing products.  Thus, Defendants

22 knew of Therabody's patents, or should have known, and despite such knowledge

23 Defendants continued selling the Infringing Products and thereby intentionally and

24 willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant

25 to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

26           **SIXTH CAUSE OF ACTION**

27     **Patent Infringement of the '064 Patent, 35 U.S.C. §§ 101 et seq.**

28        (Against All Defendants)

119. Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

120. At all times herein mentioned the '064 Patent was and is valid and fully enforceable.

121. Defendants are offering percussive massage devices that infringe at least claim 2 of the '064 Patent, including at least the Infringing Product.

122. The Infringing Product is a percussive massage device.

123. As shown below, the Infringing Product includes a housing, wherein the housing includes first, second and third handle portions and a head portion that cooperate to define a handle opening, wherein the first handle portion defines a first axis, the second handle portion defines a second axis and the third handle portion defines a third axis.



124. As shown above, the Infringing Product includes the first, second and third axes cooperate to form a triangle, such that a user can grasp any of the first, second or third handle portions independently to use the percussive therapy device.

125. The Infringing Product includes an electrical source, a motor positioned in the head portion of the housing, a switch for activating the motor, and a push rod

assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

126.   As shown above, at least a portion of the push rod assembly extends outside of the head portion.

127.   Defendants' infringe literally or under the doctrine of equivalents, or both.

128.   On information and belief, at least since Plaintiff's December 15, 2021 email, Defendants have knowingly and actively induced the infringement of one or more of the '064 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '064 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '064 Patent.

129.   On information and belief, at least since Plaintiff's December 15, 2021 email, Defendants have contributed to the infringement of the '064 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '064 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '064 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '064 Patent. Defendants continue to engage in acts of contributory infringement of the '064 Patent even after receiving notice of its contributory infringement.

130.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '064 Patent.

131.   Therabody has been damaged by Defendants' acts of infringement of the '064 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

132.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

133.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products. Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and

willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

## SEVENTH CAUSE OF ACTION

### Patent Infringement of the '722 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

134.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

135.   At all times herein mentioned the '722 Patent was and is valid and fully enforceable.

136.   Defendants are offering percussive massage devices that infringe at least claim 12 of the '722 Patent, including at least the Infringing Product.

137.   The Infringing Product is a percussive massage device.

138.   As shown below, the Infringing Product includes a housing, wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening, wherein the first handle portion includes a first handle portion exterior edge, wherein the second handle portion includes a second handle portion exterior edge, wherein the third handle portion includes a third handle portion exterior edge, wherein the first handle portion exterior edge defines a first handle portion exterior edge extended, wherein the second handle portion exterior edge defines a second handle portion exterior edge extended, wherein the third handle portion exterior edge defines a third handle portion exterior edge extended.



139.   As shown above, the Infringing Product includes first, second and third exterior edges extended cooperate to define a triangle that surrounds the handle opening, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

140.   The Infringing Product includes an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor.

141.   As shown above, the Infringing Product includes the first handle portion exterior edge is generally straight, wherein the second handle portion exterior edge is generally straight, and wherein the third handle portion exterior edge is generally straight.

142.   Defendants' infringe literally or under the doctrine of equivalents, or both.

143.   On information and belief, at least since Plaintiff's December 15, 2021 email, Defendants have knowingly and actively induced the infringement of one or more of the '722 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '722 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '722 Patent.

144.   On information and belief, at least since Plaintiff's December 15, 2021 email, Defendants have contributed to the infringement of the '722 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process,

constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '722 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '722 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '722 Patent. Defendants continue to engage in acts of contributory infringement of the '722 Patent even after receiving notice of its contributory infringement.

145.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '722 Patent.

146.   Therabody has been damaged by Defendants' acts of infringement of the '722 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

147.   Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

148.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

## EIGHTH CAUSE OF ACTION

### Patent Infringement of the 'D914 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

149.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

150.   At all times herein mentioned the 'D914 Patent was and is valid and fully enforceable.

151.   Defendants are offering percussive massage devices that infringe the 'D914 Patent, including at least the Infringing Product, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D914 Patent and Defendants' Infringing Product quickly reveals that the Infringing Product appears substantially the same as Therabody's 'D914 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Infringing Product has a number of the same, or very similar, features as the design patented in the 'D914 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and Infringing Product are (a) a rounded head portion, (b) cylindrical nozzle extending

JMBM | Jeffer Mangels
Butler & Mitchell LLP

from the rounded head portion; and (c) have the same relative dimensions of the head portion to the nozzle:



152.   Defendants have and continue to directly infringe the 'D914 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

153.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

154.   On information and belief, at least since the filing of this complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D914 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the 'D914 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D914 Patent.

155.   On information and belief, at least since Plaintiff's August 11, 2021 letter, Defendants have contributed to the infringement of the 'D914 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D914 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D914 Patent.

Defendants continue to engage in acts of contributory infringement of the 'D914 Patent even after receiving notice of their contributory infringement.

156.    At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D914 Patent.

157.    Therabody has been damaged by Defendants' acts of infringement of the 'D914 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

158.    Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

159.    Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge

1  Defendants continued selling the Infringing Products and thereby intentionally and
2  willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant
3  to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

### NINTH CAUSE OF ACTION

**Patent Infringement, 35 U.S.C. §§ 101 *et seq.***

'D714 Patent

(Against All Defendants)

8  160.   Therabody realleges and incorporates by reference all foregoing
9  paragraphs as if fully set forth herein.

10  161.   At all times herein mentioned the 'D714 Patent was and is valid and fully
11  enforceable.

12  162.   Defendants are offering percussive massage devices that infringe the
13  'D714 Patent, including at least the Infringing Product, as shown above. As shown
14  below, a side by side comparison of FIG. 2 of Therabody's 'D714 Patent and
15  Defendants' Infringing Product quickly reveals that the Infringing Product appears
16  substantially the same as Therabody's 'D714 Patent to an ordinary observer; the
17  resemblance is such as to deceive such an observer, inducing him or her to purchase
18  one supposing it to be the other. Among other things, an ordinary observer would
19  conclude that the Infringing Product has a number of the same, or very similar,
20  features as the design patented in the 'D714 Patent that contribute to an overall
21  appearance that is substantially the same, including that both the patented design and
22  Infringing Product are (a) triangular shaped, (b) have the same relative dimensions
23  (e.g., relative lengths of handle portions to one another and the head portion), (c) have
24  a rounded head portion, and (d) cylindrical nozzle extending from the rounded head
25  portion:



163.   Defendants have and continue to directly infringe the 'D714 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

164.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

165.   On information and belief, at least since the filing of this complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D714 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the FInfringing Productby Defendants' customers and by users infringes the 'D714 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D714 Patent.

166.   On information and belief, at least since the filing of this complaint, Defendants have contributed to the infringement of the 'D714 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D714 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D714 Patent. Defendants continue to engage in acts of contributory infringement of the 'D714 Patent even after receiving notice of their contributory infringement.

167.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D714 Patent.

168.   Therabody has been damaged by Defendants' acts of infringement of the 'D714 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

169.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and () Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

170.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products. Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and

1    willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant

2    to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

3                             **TENTH CAUSE OF ACTION**

4                    **Patent Infringement, 35 U.S.C. §§ 101 *et seq.***

5                                  'D715 Patent

6                             (Against All Defendants)

7           171.   Therabody realleges and incorporates by reference all foregoing

8    paragraphs as if fully set forth herein.

9           172.   At all times herein mentioned the 'D715 Patent was and is valid and fully

10   enforceable.

11          173.   Defendants are offering percussive massage devices that infringe the

12   'D715 Patent, including at least the Infringing Product, as shown above. As shown

13   below, a side by side comparison of FIG. 2 of Therabody's 'D715 Patent and

14   Defendants' Infringing Product quickly reveals that the Infringing Product appears

15   substantially the same as Therabody's 'D715 Patent to an ordinary observer; the

16   resemblance is such as to deceive such an observer, inducing him or her to purchase

17   one supposing it to be the other. Among other things, an ordinary observer would

18   conclude that the Infringing Product has a number of the same, or very similar,

19   features as the design patented in the 'D715 Patent that contribute to an overall

20   appearance that is substantially the same, including that both the patented design and

21   Infringing Product are (a) triangular shaped, (b) have the same relative dimensions

22   (e.g., relative lengths of handle portions to one another and the head portion), (c) have

23   a rounded head portion, and (d) cylindrical nozzle extending from the rounded head

24   portion:

25

26

27

28

JMBM | Jeffer Mangels Butler & Mitchell LLP



174. Defendants have and continue to directly infringe the 'D715 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

175. Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

176. On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D715 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the 'D715 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D715 Patent.

177. On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the 'D715 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D715 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D715 Patent. Defendants continue to engage in acts of contributory infringement of the 'D715 Patent even after receiving notice of their contributory infringement.

178.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D715 Patent.

179.   Therabody has been damaged by Defendants' acts of infringement of the 'D715 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

180.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

181.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products. Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and

1    willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant

2    to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

### ELEVENTH CAUSE OF ACTION

**Patent Infringement, 35 U.S.C. §§ 101 *et seq.***

'D716 Patent

(Against All Defendants)

182.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

183.   At all times herein mentioned the 'D716 Patent was and is valid and fully enforceable.

184.   Defendants are offering percussive massage devices that infringe the 'D716 Patent, including at least the Infringing Product, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D716 Patent and Defendants' Infringing Product quickly reveals that the Infringing Product appears substantially the same as Therabody's 'D716 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Infringing Product has a number of the same, or very similar, features as the design patented in the 'D716 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and Infringing Product are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), and (c) have a rounded head portion:



185.   Defendants have and continue to directly infringe the 'D716 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

186.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

187.   On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D716 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the 'D716 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D716 Patent.

188.   On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the 'D716 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D716 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D716 Patent. Defendants continue to engage in acts of contributory infringement of the 'D716 Patent even after receiving notice of their contributory infringement.

189.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D716 Patent.

190.   Therabody has been damaged by Defendants' acts of infringement of the 'D716 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

191.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

192.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

## **TWELVETH CAUSE OF ACTION**

### **Patent Infringement, 35 U.S.C. §§ 101 *et seq.***

'D985 Patent

(Against All Defendants)

193.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

194.   At all times herein mentioned the 'D985 Patent was and is valid and fully enforceable.

195.   Defendants are offering percussive massage devices that infringe the 'D985 Patent, including at least the Infringing Product, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D985 Patent and Defendants' Infringing Product quickly reveals that the Infringing Product appears substantially the same as Therabody's 'D985 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Infringing Product has a number of the same, or very similar, features as the design patented in the 'D985 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and Infringing Product are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), (c) have a rounded head portion, and (d) cylindrical nozzle extending from the rounded head portion:



196.   Defendants have and continue to directly infringe the 'D985 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

197.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

198.   On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D985 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the 'D985 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D985 Patent.

199.   On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the 'D985 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D985 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D985 Patent. Defendants continue to engage in acts of contributory infringement of the 'D985 Patent even after receiving notice of their contributory infringement.

200.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D985 Patent.

201.   Therabody has been damaged by Defendants' acts of infringement of the 'D985 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

202.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

203.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRTEENTH CAUSE OF ACTION**

**Patent Infringement, 35 U.S.C. §§ 101 *et seq.***

'D986 Patent

(Against All Defendants)

204.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

205.   At all times herein mentioned the 'D986 Patent was and is valid and fully enforceable.

206.   Defendants are offering percussive massage devices that infringe the 'D986 Patent, including at least the Infringing Product, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D986 Patent and Defendants' Infringing Product quickly reveals that the Infringing Product appears substantially the same as Therabody's 'D986 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Infringing Product has a number of the same, or very similar, features as the design patented in the 'D986 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and Infringing Product are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), (c) have a rounded head portion, and (d) cylindrical nozzle extending from the rounded head portion:



JMBM | Jeffer Mangels Butler & Mitchell LLP

207.   Defendants have and continue to directly infringe the 'D986 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

208.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

209.   On information and belief, at least since the filing of this complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D986 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the 'D986 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D986 Patent.

210.   On information and belief, at least since the filing of this complaint, Defendants have contributed to the infringement of the 'D986 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D986 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D986 Patent. Defendants continue to engage in acts of contributory infringement of the 'D986 Patent even after receiving notice of their contributory infringement.

211.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D986 Patent.

212.   Therabody has been damaged by Defendants' acts of infringement of the 'D986 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

213.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

214.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

1

2

3

4

**FOURTEENTH CAUSE OF ACTION**

**Patent Infringement, 35 U.S.C. §§ 101 *et seq.***

'D601 Patent

(Against All Defendants)

5    215.   Therabody realleges and incorporates by reference all foregoing

6   paragraphs as if fully set forth herein.

7    216.   At all times herein mentioned the 'D601 Patent was and is valid and fully

8   enforceable.

9    217.   Defendants are offering percussive massage devices that infringe the

10   'D601 Patent, including at least the Infringing Product, as shown above. As shown

11   below, a side by side comparison of FIG. 2 of Therabody's 'D601 Patent and

12   Defendants' Infringing Product quickly reveals that the Infringing Product appears

13   substantially the same as Therabody's 'D601 Patent to an ordinary observer; the

14   resemblance is such as to deceive such an observer, inducing him or her to purchase

15   one supposing it to be the other. Among other things, an ordinary observer would

16   conclude that the Infringing Product has a number of the same, or very similar,

17   features as the design patented in the 'D601 Patent that contribute to an overall

18   appearance that is substantially the same, including that both the patented design and

19   Infringing Product are (a) triangular shaped, (b) have the same relative dimensions

20   (e.g., relative lengths of handle portions to one another and the head portion), (c) have

21   a rounded head portion, and (d) cylindrical nozzle extending from the rounded head

22   portion:



218.   Defendants have and continue to directly infringe the 'D601 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

219.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

220.   On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D601 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the 'D601 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D601 Patent.

221.   On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the 'D601 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D601 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D601 Patent. Defendants continue to engage in acts of contributory infringement of the 'D601 Patent even after receiving notice of their contributory infringement.

222.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D601 Patent.

223.   Therabody has been damaged by Defendants' acts of infringement of the 'D601 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

224.    Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

225.    Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

## **FIFTEENTH CAUSE OF ACTION**

### **Patent Infringement, 35 U.S.C. §§ 101 *et seq.***

'D573 Patent

(Against All Defendants)

226.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

227.   At all times herein mentioned the 'D573 Patent was and is valid and fully enforceable.

228.   Defendants are offering percussive massage devices that infringe the 'D573 Patent, including at least the Infringing Product, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D573 Patent and Defendants' Infringing Product quickly reveals that the Infringing Product appears substantially the same as Therabody's 'D573 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Infringing Product has a number of the same, or very similar, features as the design patented in the 'D573 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and Infringing Product are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), (c) have a rounded head portion, and (d) cylindrical nozzle extending from the rounded head portion:



52
COMPLAINT

229.   Defendants have and continue to directly infringe the 'D573 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

230.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

231.   On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D573 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the 'D573 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D573 Patent.

232.   On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the 'D573 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D573 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D573 Patent. Defendants continue to engage in acts of contributory infringement of the 'D573 Patent even after receiving notice of their contributory infringement.

233.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D573 Patent.

234.   Therabody has been damaged by Defendants' acts of infringement of the 'D573 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

235.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

236.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

1

2

3

4

## SIXTEENTH CAUSE OF ACTION

### Patent Infringement, 35 U.S.C. §§ 101 *et seq.*

'D396 Patent

(Against All Defendants)

5      237.   Therabody realleges and incorporates by reference all foregoing

6  paragraphs as if fully set forth herein.

7      238.   At all times herein mentioned the 'D396 Patent was and is valid and fully

8  enforceable.

9      239.   Defendants are offering percussive massage devices that infringe the

10  'D396 Patent, including at least the Infringing Product, as shown above. As shown

11  below, a side by side comparison of FIG. 2 of Therabody's 'D396 Patent and

12  Defendants' Infringing Product quickly reveals that the Infringing Product appears

13  substantially the same as Therabody's 'D396 Patent to an ordinary observer; the

14  resemblance is such as to deceive such an observer, inducing him or her to purchase

15  one supposing it to be the other. Among other things, an ordinary observer would

16  conclude that the Infringing Product has a number of the same, or very similar,

17  features as the design patented in the 'D396 Patent that contribute to an overall

18  appearance that is substantially the same, including that both the patented design and

19  Infringing Product are (a) triangular shaped, (b) have the same relative dimensions

20  (e.g., relative lengths of handle portions to one another and the head portion), (c) have

21  a rounded head portion, and (d) cylindrical nozzle extending from the rounded head

22  portion:

23

24

25

26

27

28



Jeffer Mangels
Butler & Mitchell LLP
JMBM

240.   Defendants have and continue to directly infringe the 'D396 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

241.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

242.   On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D396 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the 'D396 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D396 Patent.

243.   On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the 'D396 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D396 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D396 Patent. Defendants continue to engage in acts of contributory infringement of the 'D396 Patent even after receiving notice of their contributory infringement.

244.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D396 Patent.

245.   Therabody has been damaged by Defendants' acts of infringement of the 'D396 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

246.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

247.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTEENTH CAUSE OF ACTION

### Patent Infringement, 35 U.S.C. §§ 101 *et seq.*

'D915 Patent

(Against All Defendants)

248.  Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

249.  At all times herein mentioned the 'D915 Patent was and is valid and fully enforceable.

250.  Defendants are offering percussive massage devices that infringe the 'D915 Patent, including at least the Infringing Product, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D915 Patent and Defendants' Infringing Product quickly reveals that the Infringing Product appears substantially the same as Therabody's 'D915 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Infringing Product has a number of the same, or very similar, features as the design patented in the 'D915 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and Infringing Product are (a) triangular shaped, (b) have the same relative dimensions (e.g., relative lengths of handle portions to one another and the head portion), and (c) have a rounded head portion:



Jeffer Mangels
Butler & Mitchell LLP
JMBM

251.   Defendants have and continue to directly infringe the 'D915 Patent by making, using, offering for sale, selling and importing the Infringing Product in conjunction with percussive massage devices competitive to Therabody.

252.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

253.   On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D915 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the 'D915 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the 'D915 Patent.

254.   On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the 'D915 Patent by, *inter alia,* marketing and promoting the Infringing Product to its customers and users. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D915 Patent. As a result, Defendants' Infringing Product has been used by their customers and by users to infringe the 'D915 Patent. Defendants continue to engage in acts of contributory infringement of the 'D915 Patent even after receiving notice of their contributory infringement.

255.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D915 Patent.

256.   Therabody has been damaged by Defendants' acts of infringement of the 'D915 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

257.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

258.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

## EIGHTEENTH CAUSE OF ACTION

### Patent Infringement, 35 U.S.C. §§ 101 *et seq.*

'D260 Patent

(Against All Defendants)

259.   Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

260.   At all times herein mentioned the 'D260 Patent was and is valid and fully enforceable.

261.   Defendants are offering percussive massage devices that infringe the 'D260 Patent, including at least the Infringing Attachment, as shown above. As shown below, a side by side comparison of FIG. 2 of Therabody's 'D260 Patent and Defendants' Infringing Attachment quickly reveals that the Infringing Attachment appears substantially the same as Therabody's 'D260 Patent to an ordinary observer; the resemblance is such as to deceive such an observer, inducing him or her to purchase one supposing it to be the other. Among other things, an ordinary observer would conclude that the Infringing Attachment has a number of the same, or very similar, features as the design patented in the 'D260 Patent that contribute to an overall appearance that is substantially the same, including that both the patented design and Infringing Attachment are (a) a circular dome-shaped head that comes to a "flattened" point; (b) the dome-shaped head is placed atop a bottom piece that decreases in radius as it approaches the dome-shaped head; (c) the bottom piece has a circular rounded ridge extending beyond the circumference of the dome-shaped head; (d) the bottom piece nests under the dome-shaped head and, (e) because of its unique shape relative to the dome-shaped head, forms a crevice or slot between the dome-shaped head and the bottom piece:



262.   Defendants have and continue to directly infringe the 'D260 Patent by making, using, offering for sale, selling and importing the Infringing Attachment in conjunction with percussive massage devices competitive to Therabody.

263.   Defendants' infringement is based upon literal infringement or infringement under the doctrine of equivalents, or both.

264.   On information and belief, at least since the filing of the complaint, Defendants have knowingly and actively induced the infringement of one or more of the 'D260 Patent claims by, *inter alia,* marketing, promoting, and offering for use the Infringing Attachment, knowingly and intending that the use of the Infringing Attachment by Defendants' customers and by users infringes the 'D260 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Attachment knowing that its purchase and use infringes one or more claims of the 'D260 Patent.

265.   On information and belief, at least since the filing of the complaint, Defendants have contributed to the infringement of the 'D260 Patent by, *inter alia,* marketing and promoting the Infringing Attachment to its customers and users. The Infringing Attachment is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the 'D260 Patent. As a result, Defendants' Infringing Attachment has been used by their customers and by users to infringe the 'D260 Patent. Defendants continue to engage in acts of contributory infringement of the 'D260 Patent even after receiving notice of their contributory infringement.

266.   At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the 'D260 Patent.

267.   Therabody has been damaged by Defendants' acts of infringement of the 'D260 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

268.   Therabody is, and has been, irreparably harmed by Defendants' ongoing infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Attachment becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative percussive devices and patented attachments, (3) loss of Therabody's investment in building up the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Attachment being sold at a price point lower than Therabody's patented product, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Attachment, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above.

269.   Defendants received notice of their infringement in Therabody's December 15, 2021 email, which notified Defendants of Therabody's extensive patent portfolio relating to percussive massage devices and attachments, directed them to Therabody's websites where Therabody identifies patents covering its percussive massage products, and identified Defendants' infringing products.  Thus, Defendants knew of Therabody's patents, or should have known, and despite such knowledge Defendants continued selling the Infringing Products and thereby intentionally and

1  willfully infringe Therabody's patents warranting an award of attorneys' fees pursuant
2  to 35 U.S.C. § 285 and an award of enhanced damages pursuant to 35 U.S.C. § 284.

3  ### NINETEENTH CAUSE OF ACTION

4  ### State Unfair Business Practices

5  ### (Cal. Bus. & Prof. Code § 17200)

6  270.    Therabody realleges and incorporates by reference all paragraphs above
7  as if fully set forth herein.

8  271.    Defendants' acts of trade dress and patent infringement alleged herein
9  constitute unlawful, unfair and fraudulent business practices and misleading
10 advertising pursuant to Cal. Bus. & Prof. Code § 17200.

11 272.    Therabody has been damaged and will continue to be damaged by
12 Defendants' unlawful, unfair and fraudulent business practices and misleading
13 advertising, as described above.

14 273.    Pursuant to Cal. Bus. & Prof. Code § 17200, Plaintiff is entitled to an
15 injunction prohibiting Defendants from continuing the practices described above, and
16 restitution of all amounts acquired by Defendants by means of such wrongful acts.

17

18 ### PRAYER FOR RELIEF

19 WHEREFORE, Therabody prays for judgment as follows:

20 A.    For an order that, by the acts complained of herein, Defendants have
21 infringed Therabody's trade dress rights, in violation of 15 U.S.C. § 1125;

22 B.    For an order finding that Therabody's Trade Dress is valid and
23 protectable and that, by the acts complained of herein, Defendants have infringed
24 Therabody's rights in the Trade Dress;

25 C.    For an order temporarily, preliminarily and permanently enjoining
26 Defendants, and all of their officers, directors, agents, servants, affiliates, employees,
27 subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all
28 others acting in concert or participation with any of them, from using from using the

JMBM | Jeffer Mangels Butler & Mitchell LLP

Infringing Trade Dress, and any marks or trade dress confusingly similar to any of Therabody's Trade Dress, or engaging in further acts of unfair competition or trademark or trade dress infringement;

D.     For an order finding that the Asserted Patents, and each of them, are valid and enforceable;

E.     For an order finding that Defendants have infringed the Asserted Patents directly, contributorily, and/or by inducement, literally or by equivalents, in violation of 35 U.S.C. § 271;

F.     For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the Asserted Patents directly, contributorily and/or by inducement, or otherwise engaging in acts of unfair competition;

G.     For a judgment directing that any products in the possession, custody or control of Defendants which infringe any of the Asserted Patents, any of the Therabody Trade Dress be delivered up and destroyed within 30 days of entry of judgment;

H.     For a judgment directing Defendants to recall all such infringing products and any other materials sold, distributed, advertised or marketed which infringe any of the Asserted Patents, any of the Therabody Trade Dress;

I.     For an order directing Defendants to file with the Court, and serve upon Therabody's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which each of them has complied with the injunction;

J.     For an order that, by the acts complained of herein, Defendants have infringed Therabody's common law trademark and trade dress rights and/or engaged in acts of common law unfair competition against Therabody;

K.     For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Therabody's rights;

L.     For compensatory damages in an amount to be proven at trial, including disgorgement of profits or gains of any kind made by Defendants from their infringing acts, lost profits and/or reasonable royalty, in amounts to be fixed by the Court in accordance with proof, including general, statutory, enhanced, exemplary, treble, and/or punitive damages, as appropriate;

M.     For treble damages pursuant to 15 U.S.C. § 1117;

N.     For an accounting and restitution and disgorgement of all payments, profits, and revenues Defendants obtained as a result of their wrongful conduct, in an amount to be proven at trial, including pursuant to 15 U.S.C. § 1117;

O.     For an order finding that this is an exceptional case, and awarding Plaintiff's reasonable attorney's fees according to proof;

P.     For an order awarding Therabody its costs of court; and

For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED:  December 22, 2021          JEFFER MANGELS BUTLER &
                                   MITCHELL LLP
                                   ROD S. BERMAN
                                   STAN M. GIBSON
                                   GREGORY S. CORDREY
                                   JESSICA BROMALL SPARKMAN


                                   By:   _/s/ Gregory S. Cordrey_
                                         GREGORY S. CORDREY
                                   Attorneys for Plaintiff Therabody, Inc.